IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:23-cv-677

ENCOMPASS INDEMNITY COMPANY

      Plaintiff,

v.

NANCY WALTERS

      Defendant.

## COMPLAINT FOR DECLARATORY JUDGMENT

The Plaintiff, Encompass Indemnity Company, through its attorneys, Tucker Holmes, P.C., submits the following Complaint for Declaratory Judgment and in support thereof, states and alleges as follows:

### PRELIMINARY STATEMENT

This is an action for declaratory relief brought pursuant to the provisions of Rule 57 of the Federal Rules of Civil Procedure. In this action between an insurer and its insured, Encompass Indemnity Company ("Encompass") seeks a determination from the Court that a duty to compensate its insured, Nancy Walters ("Walters"), does not exist.

### PARTIES

1.     Plaintiff, Encompass, is a citizen of the State of Illinois with its principal place of business in Northbrook, Illinois.

2.     Defendant, Walters, is a citizen of the State of Colorado.

-1-

## JURISDICTION AND VENUE

3. This Court has proper subject matter jurisdiction. Encompass has no adequate remedy at law and, therefore, requests that this Court terminate the uncertainty and controversy giving rise to this proceeding.

5. The amount in controversy in this action exceeds Seventy-Five Thousand Dollars ($75,000.00).

6. Jurisdiction in this matter is based upon diversity of citizenship under 28 U.S.C. § 1332.

7. Venue is proper, pursuant to 28 U.S.C. § 1391(b)(2), because the insurance contract subject to this action, issued by Encompass, was issued in Colorado to a Colorado insured, and the performance claimed to be due occurred in Colorado.

## GENERAL ALLEGATIONS

8. Encompass issued a homeowners and automobile insurance policy in the State of Colorado, under which Defendant Walters is a named insured. The insurance policy, under the automobile coverage, provides bodily injury coverage with policy limits of $100,000 per person and $300,000 per occurrence. The policy also provides excess or umbrella coverage with limits of $1,000,000. A true and correct copy of the Encompass policy, number 282 316 353, with a policy period of August 1, 2021, to August 1, 2022, is appended hereto as **Exhibit A** and incorporated by reference herein.

9. Walters and her husband own an all-terrain vehicle ("ATV"). Specifically, they own a 2017 Polaris Sportsman 570. The ATV is listed as an insured vehicle under the Encompass policy.

10. On or around July 19, 2022, Defendant Walters and a friend, Melissa Riehl, were in Idaho with their respective families.

11. On or around July 19, 2022, Defendant Walters granted Melissa Riehl permission to drive the ATV while Defendant Walters was a passenger on the same ATV.

12. While traveling on Trestle Creek Road in Idaho, Melissa Riehl lost control of the ATV and it left the roadway.

13. As a result of the accident, Melissa Riehl was killed and Defendant Walters was injured.

14. The investigating officer concluded that Melissa Riehl was traveling too fast when she lost control of the ATV.

15. Following the accident, Defendant Walters submitted a bodily injury claim to Plaintiff and a property damage claim regarding a wedding ring she was wearing at the time of the accident.

**FIRST CLAIM FOR RELIEF**
**(Declaratory Judgment that Colorado Law Governs the Coverage Dispute)**

16. Plaintiff re-asserts and incorporates herein, by reference, the allegations contained in Paragraphs 1 through 15 as if fully set forth herein.

17. A dispute exists between Plaintiff and Defendant as to the existence, nature and extent of Plaintiff's obligations, if any, to Defendant under the applicable insurance policy.

18. This dispute between Plaintiff and Defendant is governed by Colorado law.

19. The Encompass policy contains a choice of law provision which provides the following:

> **15. What Law Will Apply**
> This Segment and Policy Introduction is issued in accordance with the laws of the state in which the **motor vehicle** is principally garaged and covers property or risks principally located in the state in which the **motor vehicle** is principally garaged. Subject to the following paragraph, any and all claims or disputes in any way related to this Segment or Policy Introduction shall be governed by the laws of the state in which the **motor vehicle** is principally garaged.
>
> If a covered loss to the **motor vehicle**, a covered **motor vehicle accident**, or any other occurrence for which coverage applies under this Segment or Policy Introduction happens outside the state in which the **motor vehicle** is principally garaged, claims or disputes regarding that covered loss to the **motor vehicle**, covered **motor vehicle accident**, or other covered occurrence may be governed by the laws of the jurisdiction in which that covered loss to the **motor vehicle**, covered **motor vehicle accident**, or other covered occurrence happened, only if the laws of that jurisdiction would apply in the absence of a contractual choice of law provision such as this.

[*See*, pg. 42, **Exhibit A**].

20. The Encompass policy was issued in the State of Colorado to Defendant, who resides in Colorado, and covers vehicles, including the ATV, which are principally garaged in Colorado.

21. Colorado law would still govern the parties' dispute even if the Encompass policy did not contain a choice of law provision.

22. Pursuant to the Second Restatement Conflict of Laws, Section 187, which was adopted by Colorado, the laws of Colorado control the dispute at hand since Colorado has the most significant relationship to the parties and the dispute.

**SECOND CLAIM FOR RELIEF**
**(Declaratory Judgment that Defendant's Bodily Injury and Property Damage Claims Are Excluded under the Insurance Policy)**

23. Plaintiff re-asserts and incorporates herein, by reference, the allegations contained in Paragraphs 1 through 22 as if fully set forth herein.

24. The Encompass policy provides that Encompass will pay for bodily injury damages that an insured person is legally liable for which is caused by an automobile accident.

25. The Encompass policy contains various coverage exclusions, including the following:

> **Losses We Do Not Provide**
> **We** do not provide **Personal Liability – Motor Vehicle** Coverage for:
>
> **3.** Any **covered person** for **property damage** to property owned or being transported by any **covered person.**
>
> **8.** **Bodily injury** to **you** or any **family member**. This exclusion also applies to any claim made or suit brought against any **covered person** to:
>
>     a. Repay; or
>     b. Share damages with:
>
> another person who may be obligated to pay damages because of **bodily injury** to a **covered person**.

[*See*, pgs. 32-33, **Exhibit A**].

26. The Encompass umbrella policy contains the following coverage exclusion:

-5-

### **Amendment of Personal Umbrella Provisions**

This amendment is a part of your policy. All changes in this amendment apply to the Personal Umbrella Coverage Endorsement.

### **Losses We Do Not Cover**

Exclusion **17.** Is replaced by:

**17.    Bodily injury** to **you** or any **family member**. This exclusion also applies to any claim made or suit brought against **you** or any **covered person**:

   a.    To repay; or
   b.    Share damages with;

another person who may be obligated to pay damages because of **bodily injury** to a **covered person**.

[*See*, pg. 54, **Exhibit A**].

27.    Pursuant to the exclusion in the automobile policy, there is no coverage for Defendant's bodily injury and property damage claims.

28.    Coverage under the umbrella policy is also excluded for Defendant's bodily injury claim.

29.    This Court is asked to, and should, exercise its discretion to determine the rights and obligations under the applicable insurance policy and to grant ancillary relief and award damages to Plaintiff as equity, law and justice may require. Any preconditions to the assertion of this action by Plaintiff have been met.

30.     Declaratory relief and ancillary relief are appropriate under 28 U.S.C. §§ 2201-2202 and Fed.R.Civ.P. 57. Pursuant to Rule 57, Plaintiff prays that the Court grant a speedy hearing in this action.

WHEREFORE, Plaintiff, Encompass Indemnity Company, prays for a hearing in accordance with Fed.R.Civ.P.57 and a declaratory judgment pursuant to the authority set forth in Rule 57 and 28 U.S.C. sections 2201 and 2202 adjudicating and determining the rights and obligations under the applicable insurance contract, for an award of its damages, prejudgment interest and the costs of this action and for such other and further relief as the Court may deem just and proper.

DATED: March 15, 2023

Respectfully submitted,

By: *s/ Justin H. Zouski*
Justin H. Zouski
TUCKER HOLMES, P.C.
9200 E. Mineral Avenue, Suite 330
Centennial, CO 80112-3415
Phone: (303) 694-9300
Fax: (303) 694-9370
E-mail: jhz@tucker-holmes.com
*Attorneys for Plaintiff Encompass Indemnity Company*